```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
                         FRANKFORT
```

| | |
|---|---|
| RALPH E. KELLY, | ) |
| Plaintiff, | ) Civil Action No. 03-80-JMH |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| ISHMON F. BURKS, JR., et al., | ) |
| Defendants. | ) |

**          **          **          **          **

Pending before the Court is Defendants' motion to dismiss [Record No. 22]. Plaintiff has responded [Record No. 23], and this matter is now ripe for review.

### FACTUAL BACKGROUND[1]

On September 24, 2002, Plaintiff, who at the time was Commissioner of Kentucky's Department of Juvenile Justice, was arrested in New York and charged with sexual abuse in the third degree and forcible touching. The charges against Plaintiff arose from an accusation made by a twenty-one-year-old traveling companion. Plaintiff was ultimately acquitted following a jury trial in New York.

On September 25, 2002, Plaintiff informed Defendant Ishmon Burks, then the Secretary of the Justice Cabinet, of the charges. Following discussions with Plaintiff and with Defendant Paul Patton, who was Governor of Kentucky at the time, Burks terminated

---

[1] The following facts are taken from Plaintiff's First Amended Complaint [Record No. 10].

Plaintiff's employment.[2]  Burks also called a press conference to announce Plaintiff's resignation, at which he commented that the Justice Cabinet would not tolerate the type of behavior alleged in the charges pending against Plaintiff.

On October 18, 2002, Plaintiff filed an appeal of his termination with the Kentucky Personnel Board, seeking review of his resignation and a hearing to clear his name.  The Personnel Board dismissed the appeal for lack of jurisdiction on April 14, 2003.  Plaintiff filed his complaint in this action on December 8, 2003, alleging (1) that Defendants deprived him of his liberty interest in his good name and reputation by first coercing his resignation and then by publicly airing the reasons for it, and (2) that Defendants denied him a name clearing hearing, all in contravention of the Fourteenth Amendment's guarantees of due process.

**PROCEDURAL BACKGROUND**

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 seeking damages for injury to his reputation, reinstatement, and an order directing the Commonwealth to implement

---

[2] There is some ambiguity even within Plaintiff's own complaint over the circumstances of the termination.  Plaintiff claims that he was forced to sign a letter of resignation on September 26, but he also claims that he was fired on September 25.  For purposes of this motion the allegations in the complaint will be read in the light most favorable to Plaintiff, and the Court will assume that Plaintiff's termination, whether a firing or a resignation, was involuntary.

new procedures to guarantee future employees an opportunity to clear their names. The Court dismissed the action in May of 2004, finding that it was barred by the statute of limitations, and therefore the Court did not reach the substantive arguments in Defendants' motion to dismiss.

The Sixth Circuit reversed in part, holding that claims relating to the denial of the name-clearing hearing were not barred by the one-year statute of limitations. However, the Sixth Circuit found that Plaintiff's claims relating to the termination itself were barred by the statute of limitations. Accordingly, the Sixth Circuit remanded the case for a determination whether the lack of a name-clearing hearing constituted a violation of Plaintiff's due process rights. The Court ordered the parties to submit supplemental briefs in light of the Sixth Circuit's opinion, and as they have done so, this matter is again ripe for review.

**STANDARD OF REVIEW**

A district court considering a motion to dismiss must "assume that all allegations are true and dismiss the claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Golden v. City of Columbus*, 404 F.3d 950, 959 (6th Cir. 2005) (internal quotation marks omitted). A Rule 12(b)(6) motion tests the sufficiency of the pleadings and is "not a challenge to the plaintiff's factual allegations." *Id.* at 959. However, "[t]o survive a motion to

3

dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. . . . [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (internal citations omitted).

### DISCUSSION

*A. Plaintiff's Claims*

To state a claim under 42 U.S.C. § 1983 Plaintiff must show that Defendants deprived him of a federal right while acting under color of state law. As the termination of Plaintiff's employment is no longer a subject of this action, the only question for the Court now is whether, reading the complaint in the light most favorable to Plaintiff, Plaintiff has stated a claim against the named Defendants based solely on the failure of the Personnel Board to grant him a name-clearing hearing.

Even assuming that Plaintiff has alleged sufficient facts to state a claim that he was unconstitutionally denied a name-clearing hearing by the Personnel Board,[3] the motion to dismiss must still

---

[3] A discharged government employee is entitled to a post-termination name-clearing hearing if a supervisor makes voluntary, public, false, and defamatory statements that prejudice the discharged employee's future employment prospects. *See Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir. 1997). The Court need not determine whether Plaintiff's complaint meets this standard, as the complaint must be dismissed on other

be granted. Plaintiff seeks monetary damages against Defendants Burks and Patton in their individual capacities and injunctive relief against those two as well as their successors, Secretary of the Justice Cabinet Stephen Spence and Governor Ernie Fletcher in their official capacities. However, the Personnel Board, an independent agency, is the state agency responsible for any constitutional deprivation that may have occurred, and therefore the claims against the named Defendants must be dismissed.

*B.  The Jurisdiction of the Personnel Board*

As a preliminary matter, the Court notes that there is some dispute over whether the Personnel Board was correct in finding that it lacked jurisdiction over Plaintiff's appeal. The Sixth Circuit suggested that this was an issue that should be inquired into further on remand. However, the Court finds that it need not resolve the issue; in either case the complaint fails to state a claim.

The Personnel Board has jurisdiction to hear appeals from terminated unclassified employees such as Plaintiff if they allege that they have been terminated "for cause." *See* KRS 18A.095(19). Defendant argues that "for cause" only refers to specific reasons for termination as described within Chapter 18A, for example, termination based on political affiliation or membership in a protected class. *See* KRS 18A.140. As described by the Kentucky

---

grounds.

5

Supreme Court, a discharged unclassified employee must allege an "illegal cause," and "[a]n unclassified employee is a political employee . . . and may be discharged for any reason, including a bad reason, no reason or for political reasons so long as there is no statutory authority for a protest." *Martin v. Corrections Cabinet*, 822 S.W.2d 858, 859-60 (Ky. 1991). Plaintiff has not pointed to any cases suggesting that "for cause" is equivalent to "for any reason," and *Martin* appears to confirm Defendants' position, which would mean that the Personnel Board did in fact lack jurisdiction. If the Personnel Board acted properly, that would be the end of Plaintiff's claims; however, as "for cause" is not defined within the statute and the Court finds no case law explicitly limiting the jurisdiction of the Board to violations of Chapter 18A (as opposed to *all* "illegal causes," which might arguably encompass the cause of Plaintiff's termination) the Court is hesitant to rest solely on this determination at this stage in the litigation.

Plaintiff argues that the Personnel Board has broader jurisdiction, including the authority to conduct a name-clearing hearing in circumstances such as these, and the Court will assume *arguendo* that Plaintiff is correct. However, for the reasons discussed below, even assuming that the Board erred by determining that it lacked jurisdiction, all of Plaintiff's claims must be dismissed.

6

C.  *The Individual Capacity Claims*

Plaintiff fails to state a claim against Burks or Patton as individuals. It was the Personnel Board to which Plaintiff submitted his request for a name-clearing hearing and the Personnel Board that denied him that hearing. Although perhaps Burks and Patton were properly joined when there were claims relating to the initial termination of Plaintiff, the dismissal of those claims has been affirmed. There are no allegations that either Burks or Patton exercised any improper influence over the decision of the Personnel Board to dismiss Plaintiff's appeal, and as the denial of a hearing was the Board's decision, the individual capacity claims against Burks and Patton must be dismissed.[4]

D.  *The Official Capacity Claims*

Plaintiff's official capacity claims are similarly deficient. The Supreme Court has determined that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, Eleventh Amendment immunity applies to § 1983 claims brought against States just like any other type of claim against a State. *Id.* at 70-71. An exception applies, however,

---

[4] Burks was the nominal defendant before the Personnel Board, and he may have argued to the Board as a party that the matter should be dismissed. However, Plaintiff's complaint cannot be read to state a claim that Burks should be held liable for defending himself before the Board; it still is the Board's action denying the hearing that is the subject of the remaining claims.

7

where a plaintiff seeks non-monetary relief against a State, such as an injunction. *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002)(citing *Ex parte Young*, 209 U.S. 123, 150-60 (1908); *Edelman v. Jordan*, 415 U.S. 651, 664 (1974)). The doctrine announced in *Ex parte Young* allows a plaintiff to sue a state officer in their official capacity for injunctive or declaratory relief, but a plaintiff cannot sue any state officer he wishes for any alleged violation. *See generally Children's Healthcare Is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415-18 (6th Cir. 1996). There must be some nexus between the official being sued, the injury suffered, and the remedy sought. *See id.*

As to Defendants Burks and Patton, since they are no longer government officials, they would have no power to grant the prospective injunctive relief sought even if they were ultimately found to be liable. Federal Rule of Civil Procedure 25(d)(1) provides that when a public official is sued in his or her official capacity, his or her successor shall be substituted as a defendant when the original defendant ceases to hold office. In this case Plaintiff simply added Defendants Fletcher and Pence rather than substituting them for their predecessors. As Fletcher and Pence are now the responsible public officials, the claims against Burks and Patton in their official capacities must be dismissed.

The broader problem for Plaintiff is that he chose to seek his name-clearing hearing from the Personnel Board, and it was the

8

Board that denied him the hearing, but in this forum Plaintiff has chosen to sue unrelated officials. In *Children's Healthcare*, the Sixth Circuit examined the contours of *Ex parte Young* and rejected a claim that a plaintiff could sue the Attorney General of Ohio even though the Attorney General lacked any particular connection to the constitutional violations alleged. *See id*. The Supreme Court has written that "[t]he fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact" that is the basis for the exception to Eleventh Amendment immunity. *Ex parte Young*, 209 U.S. at 157. The theory behind the *Ex parte Young* exception to immunity is that the state officer, by acting unconstitutionally, is acting outside the state's authority, and the Sixth Circuit has held that immunity can only be abrogated by action, not by inaction on the part of the state official. *Children's Healthcare*, 92 F.3d at 1416. When a plaintiff does not allege any unconstitutional action by the named defendants either actually committed in the past or threatened in the future, *Ex parte Young* simply does not apply. *Id.*

In this action, the only remaining claims relate to the denial of the name-clearing hearing by the Personnel Board, and Defendants are not responsible for the Board's decision. The Board's duties, procedures and powers are defined by statute. *See* KRS 18A.045 *et seq.* It is the entity within the executive branch that is charged

9

with, among other things, hearing appeals from unclassified employees such as Plaintiff who allege that they were dismissed for an illegal cause. *See* KRS 18A.095(19). It is not a part of the Justice Cabinet, and therefore neither Burks nor his successor Pence have ever possessed any supervisory authority over the Board in their capacity as Secretaries of the Justice Cabinet. Accordingly, any unconstitutional acts by the Personnel Board in connection with the denial of the hearing cannot be attributed to Burks or Pence, and the official capacity claims against Burks and Spence must also be dismissed.

As to Governors Fletcher and Patton, their office can only be said to exercise authority over the Personnel Board in tangential and trivial ways. As head of the executive branch, a governor is generally responsible for the enforcement of Kentucky law. However, the Sixth Circuit has rejected the argument that this alone is sufficient to abrogate a state official's immunity. "General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law. Holding that a state official's obligation to execute the laws is a sufficient connection to the enforcement of a challenged statute would extend *Young* beyond what the Supreme Court has intended and held." *Children's Healthcare*,

92 F.3d at 1416 (internal citations and quotations omitted).[5]

The only other authority over the Board possessed by the Governor beyond his general authority as chief executive is the power to appoint some of the members of the Board. *See* KRS 18A.045. The power to make appointments to the entity that acted unconstitutionally is insufficient to demonstrate that a state official falls within the exception recognized in *Ex parte Young*. *See LensCrafters, Inc. v. Sundquist*, 184 F. Supp. 2d 753, 757-59 (M.D. Tenn. 2002) (dismissing claim against Governor of Tennessee when the power to make appointments to board is the only nexus between Governor and the challenged action by the board); *Sweat v. Hull*, 200 F. Supp. 2d 1162, 1175-76 (D. Ariz. 2001) (dismissing claim against Governor who signed allegedly unconstitutional bill into law and appointed the cabinet official responsible for enforcing that law).

The Governor has no other duties or authority related to the Board. Appeals from the Board's decisions go not to the Governor or any other executive branch official, but rather to the Franklin Circuit Court, where the Board, not the Governor, is an indispensable defendant. *See* KRS 18A.100. The Governor has no authority to override the Board's decisions. Plaintiff cannot

---

[5] Other Courts of Appeals have held the same. *See, e.g.*, *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001); *1st Wesco Corp. v. Sch. Dist.*, 6 F.3d 108 (3d Cir. 1993); *Shell Oil Co. v. Noel*, 608 F.2d 208 (1st Cir. 1979).

point to any acts in relation to the denial of the name-clearing hearing that were done by Governors Fletcher or Patton, and Plaintiff cannot point to any statutory authority that would allow Defendant Fletcher to order the Personnel Board to reverse its prior decision.[6]  Accordingly, Defendants Fletcher and Patton cannot be stripped of their immunity, and therefore they are not proper parties to this action either.

## CONCLUSION

Plaintiff chose to sue parties who are not responsible for the actions that form the basis of the remaining claims in his complaint and who are not empowered to grant him the relief he requests.  Therefore, the remaining claims in Plaintiff's First Amended Complaint must be dismissed.[7]  Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That Defendants' motion to dismiss [Record No. 22] be, and the same hereby is, **GRANTED.**

---

[6] It would undermine the entire purpose of the Personnel Board if executive branch officials could fire someone illegally and then overrule the Personnel Board if the discharged employee prevailed before it.  Yet this is the system that would have to exist for Plaintiff to be correct that Defendants are the proper parties who have the power to reverse the Board's decision.

[7] While the complaint will be dismissed with prejudice against the named Defendants because Plaintiff has already amended his complaint once and the deficiencies in the complaint are incurable as to those named Defendants, Plaintiff is free to attempt to file an action against the Personnel Board.  The Court expresses no opinion whether such an action would be barred by the statute of limitations or any other grounds.

(2) That this action be, and the same hereby is, **DISMISSED WITH PREJUDICE.**

This the 7th day of February, 2006.



Signed By:

*Joseph M. Hood*

United States District Judge

13